## COMMERCE TRUST CO. v. LONGCOR.

No. 19182. Opinion Filed Nov. 5, 1929.

Simons, McKnight, Simons & Smith, for plaintiff in error.

Paul R. Haunstein, for defendant in error.

JEFFREY, C. Charles B. Longcor filed this suit in the justice of the peace court in Garfield county against the Commerce Trust Company to recover $150 alleged to have been earned as a broker's commission in securing a customer to whom the Commerce Trust Company made a loan. Longcor, herein called plaintiff, prevailed in the justice of the peace court, and the trust company, herein called the defendant, appealed to the district court, where a trial de novo was had. The jury returned a verdict in favor of plaintiff for the sum of $100. Judgment was duly rendered on the verdict, and defendant has appealed.

The first proposition relied upon for a reversal of the judgment is that plaintiff failed to produce sufficient evidence to establish a cause of action against defendant. This proposition is predicated upon the overruling of a demurrer to plaintiff's evidence. The bill of particulars upon which the cause was tried alleges that defendant engaged in the business of loaning money on real estate by and through local agents; that plaintiff was also engaged in the real estate and loan business in the city of Enid; that, on or about the 15th day of March, 1926, one Earl Lee applied to plaintiff for a loan on certain real estate in the amount of $6,500; that plaintiff submitted the application for a loan to S. E. Kelly who was agent and inspector for the defendant; and that Kelly agreed to approve the loan for said sum, and that plaintiff informed Lee that defendant, through its agent, Kelly, could make the loan. It was further alleged that Lee then secured the loan from defendant through the agent, Kelly. Plaintiff further alleged that by reason of said transaction the defendant received as its commission the sum of $450; that plaintiff by reason of having secured said loan for defendant was entitled to a reasonable share of said commission; that defendant by and through its agent and inspector agreed to share a reasonable commission with plaintiff for his services rendered; and that a reasonable share of said commission was the sum of $150. Plaintiff's evidence relied upon to establish his right to recover against defendant is substantially as follows: That when S. E. Kelly opened an office for defendant company in Enid, said Kelly spoke to plaintiff on several occasions, and stated that he desired to build up a business in Enid for defendant company, and asked plaintiff to secure him some loans. Plaintiff did not remember when Kelly had spoken to him about securing the loans, but thought it was sometime in 1926, although it appears that Kelly

was agent for defendant company in Enid in 1925. Plainitff further testified that Mr. Lee applied to him in March, 1926, for a loan of $6,500 on a piece of city property; that plaintiff immediately told Kelly about Lee's application; and that Kelly stated that he knew the Lee property, and would approve a $6,500 concurrent loan on a "6-1" basis. A concurrent loan was explained to mean that no commission would be paid in advance, but would be paid along with interest payments. Plaintiff testified that he then informed Lee that defendant, through its agent, Kelly, would make the loan, but that Lee stated he could not use the loan before May. On May 1st, plaintiff reminded Lee of the loan, and Lee stated that he was not ready to take the loan, and would notify plaintiff when he was ready. Plaintiff then testiffed that he heard no more about the loan until in August of that year when Kelly called him over the telephone and said that if he made the loan he would have to pay Jim Norman $100 to release a second mortgage on the Lee property, and asked if plaintiff would take $50 for his part of the commission. Plaintiff says that he refused $50 for his part of the commission. There is no proof that Kelly, or anyone else acting for defendant, agreed to share a commission with plaintiff, and no proof as to what would be a reasonable commission for plaintiff's services had he been employed by defendant to secure the loan. Neither is there any proof that a commission was paid defendant, or received by it in connection with the loan. Plaintiff's right to compensation from defendant must, in the first instance, depend upon a contractual relation between him and defendant. In addition to establishing that relation, under plaintiff's theory of the case, it was necessary to show the compensation expressly agreed upon, or the reasonable and customary compensation for such services, before a recovery could be had on an implied promise to pay. There is a total absence of these essentials, and, under such circumstances, plaintiff was not entitled to prevail.

The trial court likely took the view that plaintiff's testimony, to the effect that Kelly stated that he would have to pay Jim Norman $100 to raise a second mortgage, and asked if plaintiff would take $50 for his commission, was sufficient to establish the material allegations of the bill of particulars. Plaintiff's cause of action was predicated upon an express and an implied agreement by defendant to share a reasonable commission with him. The statement attributed to Kelly that he would be compelled to pay Jim Norman $100 appears to bear no relation to a promise to share a commission, nor to what would constitute a reasonable broker's commission. According to plaintiff's testimony the offer of $50, if it may be termed such, was made in August after plaintiff had talked with Lee in March of that year. The offer was declined, and a loan was actually made by defendant in October of the same year. We are unable to see that this declined offer in any way tends to prove the material allegations of the bill of particulars. The trial court should have sustained a demurrer to plaintiff's evidence and rendered judgment in favor of defendant. There are other questions raised, but our views herein expressed render it unnecessary to consider any other question.

The judgment of the trial court is reversed, and the cause remanded, with instructions to enter judgment in favor of the defendant.

TEEHEE, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Brokers," 9 C. J. §83, p. 584, n. 74; §129, p. 657, n. 56.